## WILSON *v.* ROYAL EXCHANGE SHIPPING CO.[1]

*(District Court, E. D. New York.* December 31, 1884.)

CARRIERS OF GOODS BY WATER—BILL OF LADING—REFUSAL TO RECEIVE GOODS —DUTY OF SHIP.

> Where the person to whom goods named in a bill of lading are to be delivered refuses to receive them, the only duty attaching to the ship is to keep the goods for their owner.

In Admiralty. Exceptions to answer.

The facts in this case were these: The libelants were the owners of a steamer on which, at the port of Cephalonia, cargo was shipped to J. D. Nordlinger, at New York, via London, and through bills of lading were issued from Cephalonia to New York. At London the libelants' agents took the cargo and transhipped it on the steamer Egyptian Monarch, belonging to the respondent, and prepaid the

---

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

transatlantic freight, under a second bill of lading by which the respondent was to deliver the cargo at New York to the libelants' agents there; the plan apparently being that Nordlinger would thereupon receive the goods from libelants' agents on his through bills, and pay the freight from Cephalonia to London. On arrival in New York the cargo was delivered to Nordlinger, and the respondent did not collect any freight from him. The libel was filed to recover from the respondent the amount of freight uncollected from Nordlinger. The defense as set up in the answer was that stated below in the opinion, and that the libelants must first exhaust their remedy against Nordlinger. The libelants excepted to the answer as insufficient and impertinent and irrelevant, etc.

*Foster & Thomson*, for libelants.

*Butler, Stillman & Hubbard*, for claimants.

BENEDICT, J. The answer, to which exception is taken, avers that the libelants were notified of the readiness of the steamer to deliver the goods mentioned in the bill of lading sued on, and thereupon informed the owners of the steamer that they, the libelants, were not in a position to take the goods, and that Jacob D. Nordlinger was the owner of the goods. This was, in legal effect, a refusal on the part of the libelants to receive the goods. Upon such refusal the only duty attaching to the ship was to keep the goods for the owner. This duty they discharged when they delivered the goods to Nordlinger.

The exceptions to the answer must be overruled and the libel dismissed, unless libelants notice the cause for trial, and pay the costs of this hearing within 20 days.